UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WEEKS TRACTOR | CIVIL ACTION NO. 09-2104 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ARCTIC CAT, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, doc. #5, filed by the defendant, Arctic Cat, Inc. (Cat, Inc.), and referred to me for report and recommendation.

Plaintiff, Weeks Tractor & Supply, Inc. (Weeks Tractor) was an Arctic Cat all terrain vehicle (ATV) dealer and defendant is a manufacturer of ATVs. Plaintiff terminated his Arctic Cat dealership after, it alleges, Cat, Inc. failed to abide by the terms of a 2009 model year purchase agreement and seeks to have Cat, Inc. repurchase its inventory.

Cat, Inc. seeks dismissal alleging that the only party to the sales agreement with plaintiff is its sister or subsidiary company, Arctic Cat Sales, Inc. (Sales, Inc.). Defendant attaches to its motion a copy of the dealer agreement between plaintiff and Sales, Inc. referred to in plaintiff's petition. Therefore, it reasons, Cat Inc. should be dismissed as a defendant.

Plaintiff counters that its claims are based not only on the terms of the dealer agreement, but also on the provisions of Louisiana law which requires manufacturers or distributors to

repurchase ATVs, namely LSA-R.S. 32:1268.1. In addition, plaintiff amended its complaint to name Sales, Inc. as an additional defendant. Plaintiff also objects to the defendant having attached the dealer agreement to its motion to dismiss.

## Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff.  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975).  In accord, see Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has

been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

As a preliminary matter, it is entirely proper for the court to consider documents attached to a motion to dismiss where those documents were referred to in plaintiff's complaint and are central to plaintiff's claim. Collins v. Morgan Stanley, 224 Fed.3d 496, 498 (5th Cir. 2000).[1]

The Louisiana statute provides that an ATV "manufacturer or distributor" subject to certain requirements, must repurchase certain inventory of a dealer who no longer sells that brand of ATV. Plaintiff argues that, therefore, Cat, Inc. is properly named as a defendant. Cat, Inc., on the other hand argues that the manufacturer has a duty under the statute to repurchase only where it was the entity which originally sold the ATVs to the dealer and thus it has no liability to plaintiff here, because the distributor, Sales, Inc., not Cat, Inc., made the sale. Defendant admits it has found no legal authority so interpreting the Louisiana statute. Neither has the court found such authority. Instead, paragraph 2 of the statute expressly provides that it is the manufacturer who must make the repurchase. At the very least, this argument requires additional briefing by the parties before

---

[1] Except in this circumstance, consideration of extraneous evidence converts the motion to dismiss to one for summary judgment. Burns v. Harris County Bail Bond, 139 F.3d 513, 517 (5th Cir. 1998).

the court can conclude that the manufacturer has no responsibility under the statute where a distributor, not the manufacturer, made the sale to the dealer. Further, there has been no opportunity for discovery to determine what, if any, role the manufacturer might have had in the original sale of the ATVs aside from the terms of the written agreement.

At least at this stage of the proceedings, plaintiff has stated a claim against Arctic Cat, Inc.

Therefore, IT IS RECOMMENDED, that the motion to dismiss, doc. #5, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 31st day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE